**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3566

_____

| | | |
|---|---|---|
| Marlene Fearing, doing business as Real Estate by Marlene, Inc., | * * * | |
| Plaintiff-Appellant, | * * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Burns & Wilcox, Ltd., as general agent for Agency Marketing and/or individually, | * * * | **[UNPUBLISHED]** |
| | * | |
| Third Party Defendant-Appellee. | * | |

_____

Submitted: December 19, 1997

Filed: December 29, 1997

_____

Before WOLLMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Marlene Fearing appeals from the district court's[1] order granting summary judgment to Burns & Wilcox, Ltd. (B&W) in this diversity suit. The district court concluded that, by operation of Minnesota law, Fearing had no claim to pursue against B&W. After de novo review, we affirm.

_____

[1]The HONORABLE JOHN R. TUNHEIM, United States District Judge for the District of Minnesota.

The relevant facts are not in dispute. A supper club Fearing owned burned down. Unable to recover losses from her insolvent, out-of-state fire insurer, Fearing sued her insurance agent, Gary Banick, and the insurer's general agent, B&W, in state court. Banick cross-claimed against B&W for contribution. After the state court dismissed Fearing's claims against B&W as time-barred, Fearing and Banick settled. Banick paid Fearing $300,000 and assigned her his contribution claim against B&W. Fearing released Banick from the lawsuit and indemnified him from any claims made by B&W or others.

Fearing then pressed the assigned Banick claim, and B&W removed the case to federal court. The district court granted B&W's motion for summary judgment, concluding that, under Minnesota law, the settlement between Fearing and Banick included a Pierringer release that extinguished the settling defendant's contribution claim against B&W, a non-settling defendant. See Alumax Mill Prod., Inc. v. Congress Fin. Corp., 912 F.2d 996, 1010 (8th Cir. 1990); Frey v. Snelgrove, 269 N.W.2d 918, 923 (Minn. 1978). After careful review of the record and the arguments Fearing makes on appeal, we agree with the district court that the settlement and release executed by Fearing and Banick contains the essential elements of a Pierringer release, one effect of which was to extinguish Banick's assigned contribution claim against B&W. See Thompson v. Brule, 37 F.3d 1297, 1300 (8th Cir. 1994); Alumax Mill, 912 F.2d at 1008. Accordingly, we affirm.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-